**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHERIE C. PIERCE,

       Plaintiff,                                    Case No. 06-10748
                                                        Hon. Marianne O. Battani

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Cherie C. Pierce brings this action for judicial review of the final decision of the Commissioner denying her application for Supplemental Security Income and Disability Insurance Benefits pursuant to the Social Security Act.  42 U.S.C. §§ 423, 1382.  The case was referred to Magistrate Judge Mona A. Majzoub pursuant to 28 U.S.C. § 636(b)(1).  The parties filed dispositive motions, and in her Report and Recommendation ("R&R"), Magistrate Judge Majzoub recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

      Plaintiff filed Objections to the R&R, arguing that the administrative record does not contain substantial evidence to support the Commissioner's decision.  More specifically, Plaintiff contests the credibility determination relative to Plaintiff's disabling pain.   For the reasons stated below, the Court **REJECTS** Plaintiff's Objections, and **ADOPTS** the R&R in its entirety.

1

**I. PROCEDURAL BACKGROUND**

Plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits in October 2003, alleging that she had been unable to work since July 21, 2003, due to fibromyalgia. After the Social Security Administration denied benefits, Administrative Law Judge ("ALJ") Jerome B. Blum held a hearing. The ALJ found that Plaintiff was not entitled to disability benefits because she retained the ability to perform sedentary work. The Appeals Council declined to review the decision, and Plaintiff sought judicial review.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing Plaintiff's arguments in its discussion of the objections.

**II. STANDARD OF REVIEW**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is

substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision.  Elam v. Comm's of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).  When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence.  Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts."  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (citations and internal quotations omitted).

**III.  ANALYSIS**

There is no dispute that the ALJ found Plaintiff has fibromyalgia; however the existence of even a severe impairment does not entitle a claimant to disability benefits. The impairment must prevent the claimant from returning to her previous work or any other

3

substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2005).

The ALJ found Plaintiff's testimony about her condition "exaggerated and not fully credible" in view of the medical findings. Administrative Record at 17. Nevertheless, this is not a case wherein the ALJ relied solely on the lack of clinical or objective evidence of fibromyalgia, which is subjective in nature, to reach his decision. In this case, the record as a whole supports the ALJ's finding that Plaintiff's fibromyalgia is not disabling notwithstanding her testimony to the contrary. First, none of Plaintiff's treating physicians offer an opinion that Plaintiff was disabled. Instead, the medical evidence demonstrates that Plaintiff received routine medical care for her condition. She received mild pain medication, and her doctor recommended exercise and weight loss. No doctor referred Plaintiff to a physical therapist or a pain clinic. No doctor recommended steroids or injections at the situs of pain.

Plaintiff's conservative course of treatment stands in stark contrast to that of the plaintiff in Preston v. Sec. of HHS, 854 F.2d 815, 820 (6th Cir. 1988). In that case, that claimant's treating physician had "referred [claimant] to a neurologist, orthopaedist, rheumatologist, and a psychologist for evaluation. He also referred [claimant] to physical therapy and a pain clinic for treatment. He observed that [claimant's] complaints of pain, stiffness and fatigue were classic symptoms of fibrositis. Moreover, even before [claimant's treating physician] was able to pinpoint fibrositis as the proper diagnosis, he was injecting cortisone or novocaine for relief into the parts of the body that he later learned were "focal tender points" characteristic of fibrositis patients." Id. The Court recognizes the issue in Preston was the diagnosis of fibrositis, not the severity, but the intensity and persistence

of the symptoms suffered by the plaintiff in Preston provides a useful tool in evaluating the case before this Court. Accordingly, Preston is easily distinguished, and Plaintiff's reliance on Preston as support that she is entitled to benefits is misplaced.

In cases such as the one before this Court, where the objective medical evidence does not substantiate the claimant's subjective complaints, the ALJ must pass on the credibility of the claimant in making those complaints. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess her subjective complaints. Brainard, 889 F.2d at 681. His determination in this case is supported by the medical records, particularly the lack of any treating physician's opinion that Plaintiff was disabled, the lack of treatment expected for someone suffering severe pain, and Plaintiff's own failure to take the prescribed medication. In addition, Plaintiff's daily activities provide a basis for discounting her testimony. Thus, this Court finds that the ALJ's credibility determination was grounded in the record. It is not the role of the Court to re-weigh the evidence.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **AFFIRMS** the denial of benefits to Plaintiff. Defendant's Motion for Summary Judgment is **GRANTED,** Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

               s/Marianne O. Battani
                MARIANNE O. BATTANI
               UNITED STATES DISTRICT JUDGE

DATE: January 26, 2007

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to Kenneth F. Laritz and James A. Brunson on this date.

                s/Bernadette M. Thebolt
                  Deputy Clerk